Mr. Justice Cox
delivered the opinion of the Court:
This is an action for damages against the Baltimore & Potomac R. R. Co. for carrying the plaintiff all the way to Alexandria, and not permitting him to get off’ at Eort Runyon, a way station between this city and Alexandria.
The declaration was demurred to below and the demurrer sustained. Although by proper amendment a case might be made out, the case in its present form, we think was open to demurrer.
There are three counts in the declaration, the first and second being substantially identical. The first count of the declaration states that “the said defendant, being a common carrier of passengers, undertook and agreed to and with the said plaintiff' heretofore, to wit, on or about the — day of November, A. D. 1878, to carry him, the said plaintiff', from the city Washington, D. C., to a station known as ‘Eort Runyon Station,’ located in the State of Virginia ; and that for the purpose of securing to the plaintiff the right to be conveyed to said station, the said defendant, the Baltimore and Potomac Railroad; through its duly authorized agent at the ticket office of said company in their said passenger depot, on the corner of Sixth and B streets northwest, V/ashington, D. C., sold to the plaintiff, a ticket of which plaintiff’s Exhibit A. M., No. 1, is a copy.” When we turn to that exhibit, we find *64 that- it is a ticket of the Alexandria and Washington Railroad Co., a twenty-five cent trip family ticket. This ticket is as follows : “ This ticket and each coupon attached thereto will entitle A. Melville, or a member of his immediate family, or servant in the family, to one continuous passage in the care of the Alexandria and Washington Railroad Company, between Washington and Alexandria, upon the conditions named in the within contract, which must be signed before passage can be obtained.” One condition is that the ticket shall not be transferable, and the fourth condition is “ That the holder will not stop off between the points named ” in the ticket. The fifth condition is, “ that passage shall be taken only on such trains as stop at the station named in this ticket;” that is Alexandria. And this is signed by Melville himself, so that the written or printed ticket was a contract of the Alexandria and Washington Railroad Co., not of the Baltimore and Potomac Railroad Co., to carry the plaintiff all the way to Alexandria with the express condition that he shall stop off nowhere else. But the plaintiff then proceeds to state: “ That upon the face of said ticket it was an undertaking to furnish the plaintiff suitable passage and conveyance as far as the city of Alexandria, but it was expressly understood and agreed by and between the plaintiff and the defendant that the said defendant would stop its trains at the said Fort Runyon station, the same being an intermediate station between this city and the city of Alexandria, in the State of Virginia, and afford the plaintiff an opportunity to get off thereat.”
Now, in the first place, the contract that is exhibited was a contract between the plaintiff and the Alexandria aud Washington Railroad Co. The declaration does not contain any averment showing the relation of the Baltimore and Potomac Railroad Co. with the Alexandria and Washington Railroad Co. otherwise than -what we can infer from the averment that the Baltimore and Potomac Railroad Co. sold this ticket to the plaintiff. As far as the declaration goes we cannot see any connection between the two rail *65 roads except from the circumstance that one road sold the other company’s ticket, and the only inference is that it sold it as the agent of the other railroad company, which is a common practice, one company selling coupon tickets running through a whole series of railroads.
And the same thing may be said of the express understanding or agreement which operated to modify the terms of this contract. There is nothing indicated showing -why any such contract was made by the Baltimore and Potomac Railroad Co., or that they made it as agent.
The sum of it is, then, that the plaintiff avers a written contract, signed by himself, with the Washington and Alexandria Railroad Company to the effect that it would transport him to Alexandria over the Alexandria and Washington Railroad, and, at the same time, a verdal contract in direct contradiction of it that he might stop at Runyon station. Now, whether these are to be considered as two contracts of the Baltimore and Potomac Railroad Co., or two contracts of the Alexandria and Washington Railroad Co., it is impossible to ascertain from the declaration or from the contract itself. It is evident that the plaintiff' could not, at the trial, offer the vei’bal contract in evidence to alter the written one, and, therefore, he states a case which would not entitle him to recover. For this reason we think the demurrer was rightly taken and properly sustained by the court below; although it is possible that amendments might be made to the declaration. The third count does not allege any cause of action and need not be noticed.
Judgment affirmed with leave to amend.